## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-60173-CR-SMITH

UNITED STATES OF AMERICA

v.

**KEEGAN HARRICHARAN,**

**Defendant.**

_____/

### FACTUAL PROFFER

Had this case proceeded to trial, the United States would have proved the following facts, among others, beyond a reasonable doubt:

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic.   One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.   In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly

1

payroll expenses; and (b) number of employees.   These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

A PPP loan application was processed by a participating lender.   If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies.   While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA.   Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities.   The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

In 2020, Keegan Harricharan (hereinafter "the Defendant") became vice-president of a corporation called World Scientific Industrial and Medical, Inc. ("World Scientific").   From late 2019 through 2020, the Florida Department of Revenue has no record of World Scientific paying wages to any employee.

In or around June 2020, Individual 1 and Individual 2 approached the Defendant about applying for a PPP loan.   The Defendant agreed to hire Individual 1 and Individual 2 to assist him with the preparation of a PPP loan application.   The Defendant initially provided Individual 2 with information related to another business, but Individual 2 explained that World Scientific was

a better business to use on the PPP application, because it had existed longer.   On June 16, 2020, Individual 1 submitted a fraudulent PPP loan application on behalf of the Defendant and World Scientific.   The application, which was electronically signed by "Harricharan Keegan," falsely and fraudulently claimed, among other things, that World Scientific had 53 employees and average monthly payroll expenses of $336,331 for the year 2019.   At the time, World Scientific had one employee.

On June 17, 2020, the Defendant received, via interstate wire, $840,827 in PPP loan proceeds, which were deposited in his corporate bank account.   On June 18, 2020, the Defendant made two payments to Individual 1 in the amount of $126,124 each, in exchange for facilitating the fraudulent PPP loan.   Although he did use some of the funds to pay World Scientific's employee, the Defendant also (i) transferred some of the PPP loan proceeds to himself and another company he controlled, (ii) paid off his mortgage and another personal loan, (iii) paid a lawyer assisting him in a civil case for a different business; and (iv) paid other personal expenses.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: ___2-22-23___          By: _____

AMANDA PERWIN
ASSISTANT UNITED STATES ATTORNEY

Date: ___2-22-2023___        By: _____

PHIL REIZENSTEIN
ATTORNEY FOR DEFENDANT

Date: _2.22.23_              By: _____

KEEGAN HARRICHARAN
DEFENDANT

4